**ELECTRONICALLY FILED**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CASE NO. 4:18-CV-78-JHM

ROBERT TAPP                                                                                    PLAINTIFF

VS.

LIBERTY LIFE ASSURANCE COMPANY
OF BOSTON                                                                                      DEFENDANT

## COMPLAINT

### I. PRELIMINARY STATEMENT

This action seeks declaratory, injunctive and/or equitable relief, along with attorney fees and court costs, for Defendant's wrongful termination of Plaintiff's Long Term Disability benefits.

### II. JURISDICTION

1. Jurisdiction is appropriate in this Court inasmuch as this action arises under the Employee Retirement Income Security Act ("ERISA"), 29 USC §1132 and other applicable law.

2. Declaratory, injunctive and/or equitable relief is sought pursuant to 28 USC § 2201 and 2202, 29 USC § 1132 and other applicable law.

3. Further, court costs and attorney fees may be awarded pursuant to 29 USC § 1123(g), FRCP 54 and other applicable law.

### III. VENUE

This action properly lies in the Western District of Kentucky, Owensboro Division, pursuant to 28 USC § 1391(b), 29 USC § 1132(e)(2) and other applicable law.

### IV. PARTIES

1

1. Plaintiff, Robert Tapp ("Mr. Tapp") for all times herein mentioned, is a resident/citizen of the United States and resides at 4861 Timber Ride Drive, Owensboro, KY 42303.

2. Defendant, Liberty Life Assurance Company of Boston ("Liberty") for all times herein mentioned is a foreign corporation, transacting business in the United States of America and the Commonwealth of Kentucky. Said Defendant's principal office is located at 100 Liberty Way, Dover, NH 03820. Service is being made upon David H. Long, CEO, 100 Liberty Way, Dover, NH 03820.

## V. FACTS/CAUSE OF ACTION

1. Mr. Tapp was employed full-time with Lowe's Companies, Inc. until he became disabled on or about January 7, 2003, and was unable to perform his occupation, or any occupation.

2. After becoming disabled, Mr. Tapp applied for Long Term Disability Benefits with Liberty through a group disability policy provided to him through his employment.

3. On or about May 19, 2003, Liberty approved Mr. Tapp's claim for Long Term Disability Benefits under the definition of disability for the first 24 months.

4. On or about December 29, 2003, Liberty wrongfully, arbitrarily and capriciously terminated Mr. Tapp's Long Term Disability benefits under the definition of disability for the first 24 months.

5. The December 29, 2003 termination letter from Liberty advised Mr. Tapp that he was entitled, within 180 days, to "request a review of this denial." The language contained therein was deficient and failed to serve as proper notice of denial and his right to appeal this adverse decision, in violation of ERISA and 29 CFR Section 2560, and all other applicable law.

6. On or about January 3, 2004, less than one week after Liberty's December 29, 2003 notice of termination of benefits, Mr. Tapp advised Liberty in writing that he requested a review of that denial. Because of the deficiency of Liberty's December 29, 2003 denial, Mr. Tapp reasonably believed that he had a full 180 days from December 29, 2003 to complete his appeal of this denial, and did not understand that his January 3, 2004 letter would be considered by Liberty as his final appeal with no further evidence to be considered.

7. On or about March 4, 2004, Liberty advised that it would not alter its previous denial of Long Term Disability Benefits. The March 4, 2004 decision was based primarily upon a statement of one of Mr. Tapp's treating physicians, Mitchell Campbell, M.D. This statement was prepared by Liberty, and purportedly signed by Dr. Campbell on or about February 17, 2004. In this statement, Dr. Campbell's final opinions regarding total disability were being reserved until the soon-expected results of additional objective testing. Liberty's reliance upon this incomplete statement of a treating physician in which final opinions regarding disability were being reserved, and refusing to wait until said physician's final opinions could be rendered, was arbitrary and capricious.

8. On or about April 7, 2004, a letter authored by Mitchell Campbell, M.D., was submitted to Liberty which more fully stated his opinions regarding Mr. Tapp's total disability, and affirmed Mr. Tapp's total disability and incapacity for full-time employment.

9. On or about April 19, 2004, Liberty advised in writing that it would not consider the April 7, 2004 letter of Dr. Campbell, stating that Mr. Tapp had previously exhausted his right to appeal. This refusal to consider this highly relevant medical opinion that was submitted well within 180 days of the December 29, 2003 denial was wrongful and arbitrary and capricious.

10. At all times relevant to this action, Liberty, as both arbiter and payor of this claim,

was operating and acting consistent with an inherent conflict of interest and bias toward non-payment and/or termination of Mr. Tapp's claim.

11. For all purposes of this action and at all time periods relevant under this action, Mr. Tapp satisfied all standards for receiving Long Term Disability benefits under the policy with Liberty, and was entitled to payments for Long Term Disability.

12. The actions of Liberty as described above relating to its termination of and refusal to re-instate Mr. Tapp's Long Term Disability benefits were unreasonable, irrational, wrongful, arbitrary and capricious.

13. All administrative appeals of this denial of benefits have been exhausted.

14. Mr. Tapp remains totally disabled and unable to qualify for employment.

15. Liberty has interfered with and denied Mr. Tapp of his right to Long Term Disability benefits in violation of ERISA.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Robert Tapp prays for the following relief:

1. That the Court declare that the conduct engaged in by the Defendant is in violation of Plaintiff's rights consistent with ERISA and the Long Term Disability plan, enjoin Defendant from engaging in any such further conduct, and award Plaintiff the Long Term Disability benefits to which he is rightfully entitled;

2. That Plaintiff receive equitable relief in the form of all benefits required to be paid under the Long-Term Disability plan;

3. That Plaintiff be awarded his court costs and attorney fees; and

4. Any and all other relief to which Plaintiff may appear entitled.

/s/ Clifton A. Boswell
Clifton A. Boswell
Clifton A. Boswell, PLC
1402 East Fourth Street
Owensboro, Kentucky 42303
Telephone: (270) 926-9295
Fax: (270) 926-6695
Email: cliff@cliftonboswell.com
Attorney for Plaintiff