UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:18-CV-00078-JHM

ROBERT TAPP                                                             PLAINTIFF

v.

LIBERTY LIFE ASSURANCE COMPANY
OF BOSTON                                                      DEFENDANT

## ORDER

This matter is before the Court on Defendant's motion for Judgment on the Pleadings. [DN 19]. The matter is fully briefed and for the reasons set out below, the **motion is granted.**

The issue here is the applicable statute of limitations. Plaintiff was ultimately denied disability benefits in 2004. He filed this action 14 years later. He makes various claims. He seeks a recovery of disability benefits wrongfully denied. He asserts various statutory violations under ERISA for failing to provide adequate notice to him of his appeal rights and time limitations for bringing a civil action.

The Defendant first argues that the policy itself contains a three year statute of limitations. The Plaintiff cites to *Moyer v. Metropolitan Life Insurance Company*, 762 F.3d 503 (6th Cir. 2014), and argues that the Defendant's denial letter failed to properly advise him of the time limitation for bringing a civil action. Assuming for purposes of this motion that Defendant's denial letter was deficient, *Moyer* precludes application of the time bar found in the policy. It does not preclude application of a time bar---just the one in the policy. Thus, Courts must apply the most analogous state limitations period.

The briefing discusses *Redmon v. Sud-Chemie Inc.,* 547 F.3d 531 (6th Cir. 2008), and *Clemons v. Norton Healthcare Inc. Retirement Plan,* 890 F.3d 254 (6th Cir. 2018), as those cases

relate to the question of whether Plaintiff's claims are statutory or contractual, and thus, whether this action is governed by Kentucky's 5 or 15 year statute of limitations. It seems that some of Plaintiff's claims are contractual and some are statutory, giving rise to an interesting question. However, it appears to the Court that all the claims, no matter how they are characterized, are time barred because the most analogous limitations period is three years as provided by North Carolina law. North Carolina law applies by virtue of the choice of law provision found in the policy.

      Therefore, all of Plaintiff's claims are time barred and Defendant's motion for Judgment on the Pleadings is granted.

*Joseph H. McKinley*

Joseph H. McKinley Jr., District Judge
United States District Court

cc: counsel of record

March 19, 2019